By the Court.
 

 The only question presented in each of these cases is whether upon the record the Court of Common Pleas and the Court of Appeals were warranted in finding that from the evidence adduced reasonable minds could arrive at no other conclusion than that at the time of the issuance of the insurance policy under consideration the insured was not in sound health. There is no issue here as to the interpretation or construction of the language of either insurance policy. The only issue involved was whether the insured was in sound health at the time of the execution of the contract of insurance.
 

 The undisputed evidence in the
 
 Magyar case
 
 is that the cause of the death of the insured was myocarditis, and there is no contradiction of the positive testimony
 
 *565
 
 of Ms attending physician that the insured had suffered from and had been treated for that very disease during the period of approximately two years prior to the issuance of the policy in question. This physician testified in detail as to the physical conditions developed as a result of myocarditis and observed by him upon examination of the insured at various times during the period stated, and that the conditions found by him upon examination of the insured seven days prior to his death “so far as the heart was concerned” were the same as found earlier, “only in advanced stages.”
 

 It is disclosed further that the examination of the insured by two other physicians witMn the same period resulted in a finding of high blood pressure by one of them and they both prescribed “light work.” The insured was not employed at any work subsequent to March 3, 1932, and the reason for his absence froin work, assigned on the record of his employer, was, “sickness.” The only other evidence touching the question of the condition of the insured’s health at the time of the issuance of the policy was the testimony of his son and of a former agent of the defendant company that the insured then looked or appeared in good health, and the testimony of his widow that “he was in good health,”- before his last sickness.
 

 It is to be observed that the only evidence of any probative effect respecting the actual physical condition of the insured at the time of. the issuance of his policy was that of the physicians referred to, and therefore that there is no conflict whatever in the evidence adduced which may be considered to be of probative value upon the sole issue in that case.
 

 In the
 
 Vida case
 
 there was a direct and substantial conflict of evidence relative to the only issue involved, that of sound health of the insured at the time of the issuance of the policy, which was July 15, 1935. Though the testimony of the physician is that he called
 
 *566
 
 to see the insured on July 13 and 19 and found him then suffering from chronic alcoholic gastritis and later delirium tremens, which disease in his opinion had continued three to six months before resulting in death August 18, and further that he had attended the insured also on August 8 and 16, yet two witnesses testified positively that the doctor was not called to see the insured in July and did not see him until some time in August, about a week prior to the death of the insured. These witnesses and another testified that prior to that time the insured was not sick. There is thus a direct and vital conflict of evidence upon the only issue in this case and it should be determined by the jury.
 

 Following the principle announced and applied in
 
 Hamden Lodge
 
 v.
 
 Ohio Fuel Gas Co.,
 
 127 Ohio St., 469, 189 N. E., 246, the court should have sustained the motion for a directed verdict in favor of the defendant in the
 
 Magyar case.
 
 Though that motion was overruled, the court was authorized by the provisions of Section 11601, General Code, to thereafter render judgment in favor of the defendant.
 

 It follows that in the
 
 Vida case
 
 the trial court was right in submitting to the jury the issue of the sound health of the insured at the time of the issuance of the policy, and hence was wrong in later rendering a judgment notwithstanding the verdict.
 

 Judgment affirmed in Cause No. 26862.
 

 Judgment reversed in Cause No. 26863.
 

 Wbygandt, C. J., Matthias, Day, Zimmerman and Gorman, JJ., concur.
 

 Williams and Myers, JJ., concur in the
 
 Vida case
 
 but dissent from the
 
 Magyar case.