Weygandt, C. J.
 

 Was the trial court correct in directing a verdict for the defendant at the conclusion of all the evidence?
 

 This question of law requires an analysis of the evidence ; and if different conclusions can be drawn therefrom by reasonable minds, the issues of fact should have been submitted to the jury and the trial court was in error in refusing so to do.
 

 The long story of the numerous troubles of the parties to this controversy began December 14, 1945, when the plaintiff’s insured automobile was severely damaged in a collision with another car. The plaintiff and the defendant agreed that the former’s automobile should' be taken to a certain garage in Cleveland for repairs. This was done. After a delay of approximately six months the plaintiff finally obtained his car June 8, 1946. At that time he was required to. sign a paper containing three parts designated as “Sworn Statement in Proof of Loss,” “Subrogation” and “Payment Authorization and Release.” It is the last of the three that is the nub of the argument at this time.
 

 Two days after the plaintiff obtained his automobile from the garage he drove it to Detroit. While on the way he noticed that the car did not operate properly. He took it to several garages for examination, and was told that it was in such a state of disrepair that it was unsafe for driving. He then left it at one of the Detroit garages where it was discovered that the repairs supposedly made in Cleveland had been either defectively, made or not made at all. He immediately notified the defendant insurance company of these facts and asked the company not to pay the Cleveland ga
 
 *51
 
 rage. It was agreed that payment would be withheld until the matter had been adjusted. The plaintiff then had repairs made by the Detroit garage at an expense of $736.27. He asked the defendant to pay this, but payment was refused, and in order to obtain his car the plaintiff himself then paid the bill. • Pour and one-half months thereafter the defendant, without the consent or knowledge of the plaintiff, paid the Cleveland garage in full, although no adjustment had been made and although this suit had been filed.
 

 The defendant contends that its liability under its policy had been discharged fully by its payment to the Cleveland garage. The defendant relies on the “Payment Authorization and Release” signed by the plaintiff when he obtained his car from the Cleveland garage. This reads in part as follows :
 

 “To Agricultural Insurance Company of Watertown, N. Y.
 

 “You are hereby requested, authorized and empowered to pay the sum of $799.19 dollars to The Quality Body & Top Company in full settlement, satisfaction and discharge of all loss under your policy and/or certificate described in the proof of loss on the reverse side hereof; and upon such payment being made, all claim and demand for loss and damage shown in said proof of loss on the reverse side hereof, shall be thereby forever released and discharged.
 

 “Dated this 8th day of June 1946.”
 

 Thus, instead of having the defendant insurance company pay him the amount of money representing the damage to his car, the plaintiff authorized the defendant to act as his agent and pay directly to the garage for making the repairs that were necessary to restore the car to its former condition. The defendant insists that this authorization and release are irrevocable, that they create an agency coupled with an in
 
 *52
 
 terest, and that they constitute a complete bar to recovery by the plaintiff.
 

 There are several difficulties with this contention of the defendant. Irrespective of whether the agency was irrevocable, it must be remembered that the primary relationship between the defendant and the plaintiff was that of insurer and insured. This was, of course, based on the policy by which the defendant insured the plaintiff against loss resulting from dam-a.ge to his automobile. The defendant knew the repairs that were necessary to restore the car to its former condition, and the signing of the “Payment Authorization and Release” by the plaintiff did not affect the defendant’s liability to the extent that the defendant thereby became authorized to arbitrarily pay for repairs it knew had not been made. As to most of the repairs the evidence is in sharp conflict, the plaintiff denying that they were made and the defendant insisting that they actually were completed by the Cleveland garage. However, as to certain items amounting to $65.25 it is conceded that they were not supplied by the Cleveland garage and that the defendant was aware of this fact. And in spite of this information, in spite of the further fact that the entire matter was in dispute, and in spite of its agreement to withhold payment until an adjustment could.be made, the defendant for some unexplained reason nevertheless proceeded to pay the Cleveland garage the entire amount of money ten days after this suit had been filed and the summons served.
 

 The defendant speculates that if it had not paid the money it might have been sued by the Cleveland garage which lost a lien when the car was released to the plaintiff. However, it already had been sued by plaintiff ; and, furthermore, the garage was entitled to neither a lien nor payment for repairs it did not make— some of which it never claimed to have made.
 

 
 *53
 
 Under the circumstances disclosed by the record the defendant in its dual capacity as insurer and as agent for the plaintiff should not have had a verdict directed in its favor by the trial court. The sharply conflicting evidence should have been submitted to the jury for a determination of the issues of fact. The judgment of the Court of Appeals affirming that of the Municipal Court must be reversed and the cause remanded for retrial.
 

 Judgment reversed.
 

 Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.
 

 Turner, J., dissents from the judgment.