54

FETERLE, APPELLEE, *v.* HUETTNER, APPELLANT.

[Cite as Feterle v. Huettner (1971), 28 Ohio St. 2d 54.]

(No. 70-664—Decided November 17, 1971.)

*Mr. A. Albert Perelman,* for appellee.

*Messrs. Hauxhurst, Sharp, Mollison & Gallagher* and *Mr. Forrest A. Norman,* for appellant.

HERBERT, J. As the basis for its reversal, the Court of Appeals stated:

"Upon consideration of all assignments of error brief-

ed and argued this court finds that assignment of error number 7 is meritorious in that special request to charge before argument number 6 given by the trial court was erroneous. Said charge was not grounded on facts in the evidence and was substantially prejudicial to appellant.''

The special instruction alluded to by the Court of Appeals reads:

''If you find by a preponderance of the evidence that William Feterle, prior to the accident of January 30, 1966, had a heart condition, and you further find by a preponderance of the evidence that Mr. Feterle has suffered pain, impairment or disability *as a proximate result of the normal course of such heart condition and not as a proximate result of the accident of January 30, 1966*, then you are instructed as a matter of law that you cannot award Mr. Feterle compensation for *such* pain, impairment or disability.'' (Emphasis added.)

As has been stated, neither we nor any other reviewing court may substitute our evidential conclusions for those of the trier of the facts. *Gates* v. *Bd. of Edn. of River Local School Dist.* (1967), 11 Ohio St. 2d 83, 86, note 4, 228 N. E. 2d 298. Also, we note that the Court of Appeals reversal was not based upon a consideration of the manifest weight of the evidence.

In his brief, appellee states: ''It is prejudicial error for the trial court to charge the jury in a personal injury case relative to a prior heart condition, when the hospital records and other testimony do not disclose that the plaintiff had a prior heart condition.'' Appellee claims further that ''an examination of all the medical evidence does not reveal even an inference that the plaintiff had a pre-existing heart condition.''

In view of all of the foregoing, our inquiry here is directed to whether the instant record contains *sufficient* evidence to support the giving of the special instruction. Stated another way, does the record contain evidence from which reasonable minds might conclude that appellee was afflicted with ''a heart condition'' prior to the accident in

question? As can be seen, we view the test confronting the Court of Appeals in this case as being the same as that faced by a trial court called upon to decide a motion for a directed verdict. *Hamden Lodge* v. *Ohio Fuel Gas Co.* (1934), 127 Ohio St. 469, 189 N. E. 246; *J. C. Penney Co.* v. *Robison* (1934), 128 Ohio St. 626, 631, 193 N. E. 401; *Kuhn* v. *Banker* (1938), 133 Ohio St. 304, 313, 13 N. E. 2d 242; *Magyar* v. *Prudential Ins. Co.* (1938), 133 Ohio St. 563, 15 N. E. 2d 144; *Belshaw* v. *Agricultural Ins. Co.* (1948), 150 Ohio St. 49, 80 N. E. 2d 675; *Cerny* v. *Domer* (1968), 13 Ohio St. 2d 117, 235 N. E. 2d 132.

From the state of the instant record, it is unnecessary to repeat testimony that coronary artery disease is an affliction taking years to mature and that the buildup of deposits inside the coronary arteries cannot be instantaneously accomplished by trauma.[1] Our question is much narrower and relates exclusively to the pre-existence of this disease in the appellee.

To that point, we need only look to the answer given by appellee's own examining physician as he testified in answer to appellee's hypothetical question:

"* * * It is my opinion that the trauma the anxiety and the cold all combined to produce a demand on the individual's heart and the coronary circulation which he was unable to sustain; that as a result of that extensive demand, a clot formed in a vessel, *which I believe was previously diseased, but not causing him any trouble* and as a result of that clot, he then sustained a rather large amount of damage to his heart.'' (Emphasis added.)

Reasonable minds could well conclude from this testimony that appellee did in fact have a pre-existing heart condition. The jury was entitled to believe or disbelieve this testimony and an instruction prohibiting them from awarding damages for pain, impairment or disability which

---

[1] We also note ample evidence of record that the attack suffered by appellee is one which may occur in "the normal course of" such a "heart condition."

resulted solely from such pre-existing heart condition was proper. Clearly, the special instruction given did not rule out an award of damages if the jury found that appellant's negligence triggered[2] the heart attack, or obviate an award of damages for any other injury or suffering which directly resulted from the collision. The instruction was only restrictive upon that which the jury found to derive from a cause *other* than "the accident of January 30, 1966."

In view of our determination of this question, we need not discuss the application, if any, of the so-called two-issue rule to the facts at bar.

The judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas is affirmed.

*Judgment reversed.*

DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur

O'NEILL, C. J., and SCHNEIDER, J., concur in the syllabus but dissent from the judgment.

[2]Appellee did not plead the aggravation of a pre-existing condition. Nevertheless, the court also charged the jury:

"It is the law of the State of Ohio as far as damages are concerned, that a defendant who negligently inflicts injury on another, takes the party injured as he finds him and is liable for the actual injury and damage suffered directly from defendant's negligence.

"If you find that the plaintiff, William Feterle, had a predisposition which made him more susceptible to injury, nevertheless a negligent wrongdoer is liable for the actual injury and actual lack of recovery, if any, which the plaintiff, William Feterle, sustained as a direct result of defendant's negligence.

"It is no defense that some other person of greater strength, or constitution, or emotional makeup might have been injured less, or injured differently, or recovered faster or better."