DECISION AND JUDGMENT ENTRY
This case is before the court upon defendant-appellant Jerald Johnson's appeal of the judgment of the Erie County Court of Common Pleas which, after a jury trial, found him guilty of aggravated drug trafficking, in violation of R.C. 2925.03(A)(1). From the judgment, appellant raises the following assignment of error:
 "THE TRIAL COURT ERRED BY NOT GIVING AN INSTRUCTION ON ENTRAPMENT WHEN THE CASE WARRANTED SUCH AN INSTRUCTION"
This appeal stems from appellant's sale of crack cocaine to an undercover police officer on November 9, 1995. The following evidence was presented at trial.
On November 9, 1995, Officer James A. Jenkins of the Perkins Township Police Department relayed information from a confidential informant to the Erie County Drug Task Force. The informant stated that appellant was coming to her home with crack cocaine that was to be used in a drug transaction.
The informant's house was placed under surveillance. She was advised to leave the house after appellant arrived because the police were not prepared to complete the transaction. She then telephoned Jenkins from a pay phone outside the East Side Cafe. During this time, appellant had left the informant's house and gone to the drive-thru carry out adjacent to the East Side Cafe. He observed the informant on the telephone. She indicated to appellant that she was attempting to set up a drug transaction between him and the individual on the telephone. Appellant then spoke to Jenkins and informed him that the crack cocaine would cost $145. They arranged to make the transaction outside the Tea House on Tiffin Avenue in Sandusky, Erie County, Ohio. Appellant warned Jenkins not to "rip him" off.
Police Officer Dawson Foster was chosen to make the transaction. Two other officers were hidden in a wooden box on the bed of the Ford pickup truck Foster was driving. Foster got into appellant's truck and inspected the crack cocaine. Money was exchanged outside the passenger side of the truck and the officers apprehended appellant.
Appellant testified that he had a prior conviction for aggravated drug trafficking. However, appellant stated that he sold the crack cocaine only as a favor to the informant. He did not recall discussing the price of the cocaine on the telephone with Jenkins. Appellant testified that it was the informant's cocaine and he was going to give her the money. He further testified that no one threatened or forced him to make the transaction.
Prior to appellant's testimony, appellant requested that the jury be instructed on the affirmative defense of entrapment. At that time, the court indicated that it was not inclined to give such an instruction because the evidence was insufficient. The request was revisited at the close of trial. Appellant's counsel strongly urged that the instruction be given because the informant was an agent of the police and set into motion the drug transaction. The state countered that the evidence failed to show that the informant was an agent of the police. The trial court denied the instruction.
On December 20, 1996, the jury returned a guilty verdict on one court of aggravated drug trafficking. Appellant timely filed this notice of appeal.
In his sole assignment of error, appellant argues that the trial court committed reversible error when it refused to instruct the jury on the affirmative defense of entrapment because the informant was "working with and for the police." The state contends that the instruction was properly denied, because appellant at least in part carried out his own plan relative to the drug transaction and he was predisposed to commit such offenses.
A trial court is required to give all instructions necessary for a jury to weigh the evidence and discharge its duty as factfinder. State v. Joy (1995) 74 Ohio St.3d 178, 181. The trial court must give instructions on all issues that are raised by the evidence and that are correct, pertinent, and timely presented. Id.
A determination as to which jury instructions are proper is a matter left to the sound discretion of the trial court.State v. Guster (1981), 66 Ohio St.2d 266, 271. "In reviewing a record to ascertain the presence of sufficient evidence to support the giving of an * * * instruction, an appellate court should determine whether the record contains evidence from which reasonable minds might reach the conclusion sought by the instruction." Feterle v. Huettner (1971), 28 Ohio St.2d 54, syllabus.
Entrapment is an affirmative defense and must therefore be proven by the accused by a preponderance of the evidence. Statev. Doran (1983), 5 Ohio St.3d 187, 193.
 "The defense of entrapment is established where the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute." Id. at paragraph one of the syllabus.
However, entrapment is not shown where the accused is predisposed to commit the offense and the government officials merely afford the opportunity for the accused to commit the offense. Id. at 192. The Doran court then provided a nonexhaustive list of indices of predisposition. The list includes: (1) previous criminal activity of the type charged; (2) the accused's ready acquiescence to police inducements; (3) the accused's particularized knowledge in the area of the criminal activity charged; (4) the accused's ready access to contraband; and (5) the accused's willingness to involve himself in the criminal activity.Id.
In the instant case, appellant's evidence of entrapment consists of the allegation that the informant, an agent of the police, initiated the drug trafficking activity and that appellant was merely doing her a favor. Upon review of the evidence presented at trial, we find that such evidence was insufficient for a reasonable juror to find that appellant was entrapped. First, the evidence demonstrates that appellant was predisposed to commit the offense. Next, there was testimony that appellant negotiated a price for the cocaine; he also arranged a place for the transaction to occur. Finally, appellant drove approximately fifteen minutes across town to complete the transaction. Appellant certainly had the opportunity to extricate himself from the drug transaction but chose otherwise.
Based upon the foregoing we find that the trial court's refusal to instruct the jury on the affirmative defense of entrapment was not an abuse of discretion. Accordingly, appellant's assignment of error is not well-taken.
On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Erie County Court of Common Pleas is affirmed. Costs of this appeal are to be paid by appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ JUDGE Richard W. Knepper, J.
 _______________________________ JUDGE CONCUR. Mark L. Pietrykowski, J.
James R. Sherck, J., dissents.