DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Lillian Patterson, has appealed from the orders of the Summit County Court of Common Pleas denying her motions for a directed verdict and for judgment notwithstanding the verdict and dismissing her complaint against Appellee, the North American Insurance Company. We affirm.
Appellant purchased disability benefits from Appellee in March 1995, in conjunction with the purchase of a recreational vehicle. Appellant was injured during the course of her employment on approximately December 25, 1995. She applied for and received disability benefits from Appellee for the next twelve months. At the end of the twelve-month period, Appellee discontinued the benefits on the basis that Appellant was not totally disabled as defined in the policy. On February 26, 1998, Appellant filed a complaint alleging breach of contract. Following a jury trial, Appellant moved for a directed verdict and the trial court denied the motion. On May 26, 1999, the trial court dismissed the complaint. Appellant then moved for judgment notwithstanding the verdict and for a new trial. On July 21, 1999, the trial court denied the motions. Appellant timely appealed and has raised three assignments of error for review. Appellant's first and third assignments of error will be considered together for ease of review.
ASSIGNMENT OF ERROR I
 The trial court erred by not granting Appellant's motion for a directed verdict at the close of the Appellant's case and at the close of all of the evidence.
ASSIGNMENT OF ERROR III
 The trial court erred by overruling [Appellant's] motions (sic.) for judgment notwithstanding the verdict.
Our standard for reviewing the propriety of the denial of a motion for directed verdict is to determine, after construing the evidence most strongly in favor of the party against whom the motion is directed, if the evidence relating to the determinative issues is sufficient to permit reasonable minds to reach only a conclusion adverse to the nonmoving party. Civ.R. 50(A)(4). A motion for directed verdict tests the legal sufficiency of the evidence to submit the case to the jury. Wagner v. RocheLaboratories (1996), 77 Ohio St.3d 116, 119. The trial court does not weigh evidence or consider the credibility of the witnesses; it must determine only whether there exists any evidence of substantial probative value in support of the claims of the party against whom the motion is directed. Id. In ruling on a judgment notwithstanding the verdict, the trial court applies the same test as that used in ruling on a motion for a directed verdict. Oslerv. Lorain (1986), 28 Ohio St.3d 345, 347, citing Posin v. A.B.C.Motor Court Hotel (1976), 45 Ohio St.2d 271, 275. Therefore, we will review the propriety of the denial of Appellant's motion for judgment notwithstanding the verdict in the same way that we review the denial of the directed verdict.
Upon review, when construing the evidence most strongly in favor of Appellee, the nonmoving party, we cannot find that reasonable minds could come to but one conclusion on the evidence presented. Conflicting testimony was given regarding Appellant's ability to perform any type of work given her current experience and training.
Appellant testified that she had received training regarding general nursing skills and medical record keeping. She also indicated that she had in the past conducted training for new nursing staff members. While she testified that she was unable to currently engage in work utilizing her skills and education, testimony was presented by Appellee that these skills were transferable to other occupations. Additionally, the testimony of the examining physicians conflicted regarding Appellant's ability to work and the length of time for which she could work. Appellant testified that she was unable to sit, stand, or walk for prolonged periods of time and that she was unable to engage in continuous activity. However, she also admitted that she did not know what was meant by "continuous activity." Based upon the testimony presented, Appellant's motions for a directed verdict and for judgment notwithstanding the verdict were properly denied. Her first and third assignments of error are without merit.
ASSIGNMENT OF ERROR II
 The trial court erred by wrongfully charging the jury that [Appellant] had the burden of proof that "the parties entered into a contract, that [Appellee] broke the contract by nonpayment, and that [Appellant] is entitled to recover for these damages.["] The court should have charged that Appellee had the burden to prove non-disability.
Appellant has argued that Appellee had the burden of proving that she failed to meet the requirements of the insurance contract in order to deny coverage pursuant to the policy. Premised upon this theory, Appellant has alleged that the trial court erred by improperly instructing the jury as to the burden of proof. We disagree.
A requested jury instruction should be given if it correctly states the applicable law and reasonable minds might reach the conclusion sought by the instruction. Murphy v. Carrollton Mfg.Co. (1991), 61 Ohio St.3d 585, 591, quoting Markus Palmer, Trial Handbook for Ohio Lawyers (3 Ed. 1991) 860, Section 36:2; See, also, Feterle v. Huettner (1971), 28 Ohio St.2d 54, syllabus. Additionally, "[a] misdirection of the jury, as to the burden of proof, is error for which the judgment will be reversed at the instance of the party prejudiced thereby." McNutt Ross v.Kaufman (1875), 26 Ohio St. 127, paragraph one of the syllabus.
Appellant has argued that the trial court erred by instructing the jury that "[t]he Plaintiff must prove to you by a greater weight of the evidence that the parties entered into a contract, that the Defendant broke the contract by nonpayment, and that the Plaintiff is entitled to recover for these damages." Appellant has further argued that the court should have instructed the jury that "[t]he contract does not require that the Plaintiff prove that she is incapable of performing any occupation and the burden to show that is on the Defendant Insurance Company." The instruction that Appellant requested is an improper statement of law. In fact, the court correctly instructed the jury that Appellant bore the burden of proving the material allegations of her breach of contract claim. See 17B Corpus Juris Secundum (1999), Contracts, Section 753.
As the party bringing the claim, Appellant had to prove that she had complied with the terms of the contract in order to be entitled to compensation for her injuries. Pursuant to the contract, benefits would be paid to Appellant for a set period of time so long as she was totally disabled. The terms of the contract define Total Disability as:
 DEFINITION OF TOTAL DISABILITY — During the first twelve months of total disability for a condition, Total Disability means that you are not able to perform most of the duties of your occupation because of a medically determined sickness or accidental injury and are under the care and treatment of a qualified, licensed physician other than yourself, or a family member. After the first 12 months of total disability, the definition changes and requires that you are not able to perform the duties of any occupation for which you are qualified by reason of education, training, or experience. If the condition that caused your Total Disability recurs within seven (7) days after you have recovered from that condition, benefits will be paid without your having to satisfy a new waiting period. If the condition that caused your Total Disability recurs more than seven (7) days after you have recovered, a new waiting period must be satisfied. In either case, the 12 month benefit period for Total Disability remains based upon the original incurred date of disability for that condition.
Because Appellant failed to show that she was totally disabled as defined in the insurance contract, she failed to meet her burden of proof. Appellee did not have the burden of proving a defense to the contract until Appellant established that she had met the terms of the contract. Therefore, since the Appellant failed to meet her burden, it was unnecessary for the court to instruct the jury as to Appellee's burden of proof with respect to a defense. Appellant's second assignment of error is without merit.
Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _______________________________ LYNN C. SLABY
FOR THE COURT BATCHELDER, P.J., CARR, J. CONCUR.