OPINION
Appellant Sophia Heropulos appeals a verdict rendered in the Stark County Court of Common Pleas and the trial court's subsequent denial of her motion for JNOV and/or new trial. The following facts give rise to this appeal.
On January 21, 1997, Appellant Sophia Heropulos filed a complaint for personal injuries she suffered in an automobile accident that occurred on June 25, 1996. The complaint also included claims for injuries Pamela Heropulos suffered, appellant's daughter, as a passenger in the vehicle. The accident occurred when Appellant Sophia Heropulos stopped her vehicle on Market Avenue, North, to make a left turn onto 23rd Street. While stopped waiting to turn, Appellee Jason Phares drove into the rear end of appellant's vehicle. In addition to a negligence claim against Jason Phares and claims for loss of consortium, the complaint also included a claim for negligent entrustment against James Phares, Appellee Jason Phares' father.
In addition to the complaint, appellant also filed request for admissions which Appellee Jason Phares never answered. Appellee Phares and James Phares filed an answer on February 7, 1997. On October 16, 1997, Community Insurance Company filed a motion to intervene, as a third-party plaintiff, to raise on its own behalf subrogated interest claims against Appellee Phares and James Phares. The trial court granted the motion. Appellee Jason Phares and James Phares answered Community Insurance Company's complaint by denying negligence and asserting their belief that Appellant Sophia Heropulos was the proper party to reimburse Community Insurance Company pursuant to the subrogation language contained in the health benefit policy.
At the final pretrial, Appellant Sophia Heropulos and Appellee Jason Phares settled Pamela Heropulos' claims for pain, suffering, loss of enjoyment of life, and loss of consortium. The trial of this matter commenced on November 2, 1998. Prior to the commencement of trial, Appellee Phares admitted liability. Appellant Sophia Heropulos dismissed her claims against James Phares for negligent entrustment. Additionally, Community Insurance Company dismissed its claims for subrogation of Pamela Heropulos' medical bills. Thereafter, this matter proceeded to trial on the issues of causation and damages.
Following deliberations, the jury found in favor of appellant and awarded her a total of $3,115. The jury also found in favor of Community Insurance Company, on the issue of its subrogation claim against appellant's medical bills, in the amount of $332. Appellant filed a motion for JNOV and/or new trial on November 23, 1998, on the basis that the jury awarded inadequate compensation as it concerned the medical bills she paid; the extent and permanency of her injuries; pain and suffering; and the impact of improper comments made by defense counsel during closing arguments. The trial court overruled appellant's motion on December 7, 1998.
Appellant Heropulos filed a notice of appeal on January 6, 1999. We dismissed appellant's appeal on February 7, 2000, on the basis that there was not a final appealable order.[1]
Thereafter, on February 18, 2000, appellant dismissed the remaining claims by filing a voluntary dismissal of all of Pamela Heropulos' claims against Appellee Phares and James Phares. Appellant also dismissed her loss of consortium claim against Appellee Phares and James Phares. Appellant again filed her notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED BY FAILING TO GRANT APPELLANT'S MOTION FOR JNOV/NEW TRIAL BASED UPON THE JURY'S INADEQUATE AWARD OF DAMAGES TO THE APPELLANT.
 II. THE TRIAL COURT ERRED BY FAILING TO GRANT APPELLANT'S MOTION FOR JNOV/NEW TRIAL BASED UPON IMPROPER COMMENTS MADE BY COUNSEL FOR APPELLEE DURING CLOSING ARGUMENTS.
 III. THE TRIAL COURT ERRED BY SUBMITTING A MISLEADING INSTRUCTION ON DAMAGES TO THE JURY BY NOT INSTRUCTING THE JURY ON AGGRAVATION/ACCELERATION OF AN INJURY.
 IV. THE TRIAL COURT ERRED BY SUBMITTING A MISLEADING INSTRUCTION THAT APPELLANT HAD THE BURDEN OF PROVING PROXIMATE CAUSE WHEN APPELLEE ADMITTED THAT HER DAMAGES WERE PROXIMATELY CAUSED BY HIS NEGLIGENCE.
 V. THE JURY'S VERDICT, WHICH DID NOT INCLUDE COMPENSATION FOR UNDISPUTED ELEMENTS OF DAMAGES SUFFERED BY APPELLANT, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 Standard of Review
Appellant's First and Second Assignments of Error concern the trial court's denial of her motion for JNOV and/or motion for new trial. The Ohio Supreme Court addressed the standard of review for a motion for JNOV in the case of Posin v. A.B.C. Motor CourtHotel (1976), 45 Ohio St.2d 271, as follows:
 The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions. [Citations omitted.] Id. at 275.
A motion for JNOV tests the legal sufficiency of the evidence and presents a question of law. See O'Day v. Webb (1972), 29 Ohio St.2d 215; Altmann v. Southwyck AMC-Jeep-Renault, Inc. (1991),76 Ohio App.3d 92. As an appellate court, we have a duty to review the JNOV determination de novo. Felden v. Ashland Chemical Co.,Inc. (1993), 91 Ohio App.3d 48.
Appellant also requested a new trial pursuant to Civ.R. 59(A)(4) and (6). This rule provides, in pertinent part:
(A) Grounds
 A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
* * *
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
* * *
 (6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
The standard of appellate review on a motion for new trial is abuse of discretion. Anthony v. Hunt (Feb. 9, 1998), Stark App. No. 1997CA00170, unreported, at 1. In order to find an abuse of discretion, we must find the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. Therefore, we must took to the totality of the circumstances and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
It is based on these standards that we review appellant's First and Second Assignments of Error.
 I
In her First Assignment of Error, appellant contends the trial court erred when it denied her motion for JNOV and/or new trial based upon the jury's inadequate award of damages. We agree.
Prior to addressing the issue of damages, we first address the request for admissions filed by appellant and the effect these requests had on the issue of damages. Civ.R. 36 concerns request for admissions and provides, in pertinent part:
(A) Request for admission
 A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. * * *
 The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. * * *
 (B) Effect of admission
 Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.
When a party fails to respond, without justification, to a properly served request for admissions, those matters to which the requests were addressed will be deemed admitted. Cleveland TrustCo. v. Willis (1985), 20 Ohio St.3d 66, 67, certiorari denied (1986), 478 U.S. 1005. In the case sub judice, appellant served Appellee Jason Phares with seventeen request for admissions, on January 21, 1997, the same date she filed her complaint. The record indicates appellee never responded to the request for admissions. On the third day of trial, after appellant rested with the presentation of her case, appellant informed the trial court about the request for admissions and asked the trial court to deem the requests admitted. Tr. Vol. III at 10. The trial court reviewed the record, noted that the request for admissions was contained in the record, found that Appellee Phares did not respond to the request for admissions and deemed the requests admitted. Id. at 12.
Pursuant to the request for admissions, Appellee Phares admitted that the negligent operation of his vehicle was the sole cause of the accident; that he failed to maintain an assured clear distance; that he operated the vehicle under a suspended license; that as a direct and proximate cause of his negligence appellant suffered personal injuries and medical expenses for treatment of the injuries; that appellant suffered pain and suffering; that appellant will continue to experience pain and suffering; that appellant will continue to incur medical expenses for treatment of her injuries; and that appellant experienced loss of wages due to the accident.
Based on these admissions, counsel for appellant requested that the trial court consider striking any testimony of appellee's expert doctor, Dr. Paquelet, that would be inconsistent with the admissions. Id. at 11. The trial court reviewed the request for admissions and concluded they were not a basis for the exclusion of Dr. Paquelet's testimony. Id. at 12-13. However, the trial court did instruct the jury that if Dr. Paquelet's testimony conflicted with the request for admissions, the jury was to rely upon the admissions rather than Dr. Paquelet's testimony. Id. at 36-37.
Following deliberations, the jury returned a verdict awarding appellant $250 for pain, suffering and discomfort experienced; $500 for the effect of the injury upon her physical and emotional health; $250 for mental suffering and anguish; and $2,115 for lost wages, for the period of June 25, 1996 to the date of the verdict. The jury did not award any compensation for future damages. The jury also did not compensate appellant for the medical bill of $210.25 from TMMC that she paid on her own behalf.
Appellant contends the jury awarded an inadequate amount of damages because it failed to include compensation for expenses and injuries appellant incurred or will incur in the future. Based on our review of the record and the request for admissions, we conclude the trial court should have granted appellant's request for a new trial as to the issue of damages. Specifically, the jury's verdict is inadequate and inconsistent with the request for admissions because it failed to award damages for all of appellant's medical bills and failed to make any award for future damages which Appellee Phares admitted appellant would incur. Accordingly, we conclude the trial court abused its discretion when it denied appellant's motion for a new trial on the issue of damages.
Appellant's First Assignment of Error is sustained.
 III
In her Third Assignment of Error, appellant contends the trial court erred when it failed to instruct the jury on aggravation/acceleration of an injury. We disagree.
In support of this assignment of error, appellant cites to the trial court's jury instruction on "circumstantial evidence." The trial court instructed the jury as follows:
 Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may reasonably infer other related or connected facts which naturally and logically follow according to the common experience of mankind. * * *
 To infer, or to make an inference, is to reach a reasonable conclusion of fact which you may, but are not required to, make from other facts which you find have been established by direct evidence. Id. Vol. IV at 116-117.
Appellant argues that based on this definition of "circumstantial evidence" the jury could have inferred, from expert testimony, that appellant suffered an aggravation of a pre-existing condition. Appellant further maintains that without an instruction on aggravation/acceleration, the jury did not know how to compensate for this type of injury.
A trial court will not instruct a jury where there is no evidence to support an issue. Riley v. Cincinnati (1976),46 Ohio St.2d 287. However, "[o]rdinarily requested instructions should be given if they are correct statements of the law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the instruction." Murphy v. Carrolltom Mfg.Co. (1991), 61 Ohio St.3d 585, 591, citing Markus Palmer, Trial Handbook for Ohio Lawyers (3 Ed. 1991) 860, Section 36:2. "In reviewing a record to ascertain the presence of sufficient evidence to support the giving of a[n] * * * instruction, an appellate court should determine whether the record contains evidence from which reasonable minds might reach the conclusion sought by the instruction." Feterle v. Huettner (1971), 28 Ohio St.2d 54, syllabus.
In the case sub judice, we have reviewed the testimony of the experts concerning the issue of a pre-existing condition. We conclude reasonable minds would not reach the conclusion that based on the testimony of the experts, appellant had a pre-existing condition that was aggravated by the automobile accident. Thus, we find the trial court did not err when it refused to instruct the jury on aggravation/acceleration.
Appellant's Third Assignment of Error is overruled.
 IV
Appellant maintains, in her Fourth Assignment of Error, that the trial court erred when it submitted a misleading instruction to the jury that appellant had the burden of proving proximate cause when appellee admitted that her damages were proximately caused by his negligence. We disagree.
Appellant challenges the following instructions to the jury:
 It has been admitted by defendant that as a direct and proximate result of his negligence the plaintiff suffered personal injuries, experienced pain and suffering and incurred medical expenses for the treatment of her injuries. Tr. Vol. IV at 121.
 * * * [I]n this case the Court instructs you that the defendant, Jason D. Phares, was negligent * * * and that his negligence caused the collision and caused plaintiff some personal injury.
Accordingly, the issue left for your consideration is the extent of the injuries and damages * * * which are proximately the result of the collision * * *. You must decide the extent of the injury to the plaintiff proximately caused by the negligence of the defendant. * * * [I]n the present case, negligence is admitted and, therefore, proximate cause is the only issue that plaintiff must prove * * *. Id. at 121-123.
In February, 1997, shortly after this lawsuit was filed, the defendant admitted that plaintiff continues to experience pain and suffering as a result of her injuries and will continue to experience such pain and suffering and will also continue to incur medical expenses for treatment of such injuries. As to such claims, no damage may be found except that which is reasonably certain to occur as a proximate result of the collision. Id. at 125-126.
If you find from the greater weight of the evidence that as a proximate cause of the defendant's negligence the plaintiff has suffered a permanent injury, * * * you will make a separate award for such damages, if established by a preponderance of the evidence. Id. at 127.
Appellant maintains the above instructions to the jury contradicted the admissions. Although appellant admitted negligence and further admitted that as a direct and proximate result of his negligence appellant suffered personal injuries and experienced pain and suffering, appellee did not admit to the exact injuries suffered by appellant. Therefore, appellant still had to establish that the injuries complained of were the proximate result of appellant's negligence. The trial court's jury instructions correctly explained the issue of proximate cause and appellant's burden to the jury.
Appellant's Fourth Assignment of Error is overruled.
We will not address appellant's Second and Fifth Assignments of Error as they are moot based on our disposition of appellant's First, Third and Fourth Assignments of Error.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
 ___________________ Wise, J.
Gwin, P.J., and Farmer, J., concur.
[1] Heropulos v. Phares (Feb. 7, 2000), Stark App. No. 1999CA00003, unreported.