This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Plaintiffs- appellants Margaret and John Koruschak ("Koruschaks") appeal the trial court's judgment denying their motion for a new trial after a jury verdict in favor of Defendant-appellee Kevin Smotrilla ("Smotrilla"). The issue before us is whether the trial court erred by instructing the jury extensively on general negligence with only a vague reference to strict liability pursuant to R.C. 955.28, where the Koruschaks apparently presented the bulk of their evidence at trial upon a strict liability theory of recovery. For the following reasons we reverse the decision of the trial court, and remand the case for a new trial.
As a preliminary matter, we must address the sufficiency of the record provided to this court by the Koruschaks. The appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the appellant's assignments of error. Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314. "When portions of the transcript necessary for resolution of the assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice as but to presume the validity of the lower court's proceedings and affirm." Knapp v. Edward's Laboratories
(1980), 61 Ohio St.2d 197, 199.
Thus, if a partial record does not itself conclusively support the trial court's decision, it will be presumed that the omitted evidence does provide the necessary support. Only if it affirmatively appears from the partial record that the omitted evidence was not relevant to the trial court's decision will its absence be disregarded. In re Adoption ofFoster (1985), 22 Ohio App.3d 129, 131.
We note that in support of their sole assignment of error, the Koruschaks have furnished only a partial transcript of the trial court's proceedings, which they claim indicates they proceeded solely on a theory of strict liability. However, absent a complete transcript, Knapp
requires us to presume that the omitted testimony supports the trial court instructing the jury on general negligence. Thus, the question we must determine is whether it was error for the trial court to fail to fully instruct the jury on strict liability in addition to the general negligence instructions.
The Koruschaks allege that a dog owned by Smotrilla jumped up on Margaret Koruschak, and when she ran from the dog she stumbled and fell, causing her injuries. The Koruschaks filed a complaint alleging three claims sounding in negligence, strict liability, and loss of consortium[1]. However, the record reveals the proposed jury instructions and trial brief filed by the Koruschaks' counsel address only one theory of recovery — strict liability.
The trial court instructed the jury on the issue of general negligence, which consisted of seventy-six lines in the transcript. Buried in those general negligence instructions was a single, three line sentence sounding vaguely in strict liability. After the jury was charged, but before they began their deliberations, counsel for the Koruschaks objected to the trial court's instructions as given and requested a curative instruction pursuant to R.C. 955.28(B). The trial court let the jury instructions stand over the Koruschaks' objections. After the jury returned a verdict in favor of Smotrilla, the Koruschaks moved for a new trial, asserting the trial court's jury instructions were both confusing and incorrect. The trial court overruled this motion.
The Koruschaks appeal the trial court's order denying their motion for a new trial, asserting the trial court erred by: 1) instructing the jury on both general negligence and strict liability, and; 2) refusing to give a curative instruction, both over the Koruschaks' objections. Because the Koruschaks have presented only a partial record on appeal, it must be presumed the omitted portions of the transcript reflect evidence supporting a jury charge containing instructions on general negligence. However, the portion of the transcript that is before us demonstrates a significant amount of testimony regarding strict liability. We reverse and remand the case for a new trial, because charging the jury extensively on general negligence with only a passing reference to strict liability and then refusing to give a curative instruction was an abuse of discretion.
The standard of review in the instant appeal involves a two-step process. First, the standard of review of a trial court's order denying a motion for a new trial is abuse of discretion, as whether or not to grant a new trial is within the sound discretion of the trial court. Youssefv. Parr, Inc. (1990), 69 Ohio App.3d 679, 690. Likewise, the review of a trial court's failure to give a requested jury instruction is also under an abuse of discretion standard. State v. Wolons (1989), 44 Ohio St.3d 64,68. In both instances, an abuse of discretion connotes more than an error in judgment, it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Huffman v. Hairsurgeon, Inc. (1985),19 Ohio St.3d 83, 87. Thus, the Koruschaks will prevail upon an appeal if the trial court, by burying one statement pertaining to strict liability in a lengthy set of jury instructions regarding negligence and then failing to grant the Koruschaks a new trial because of the confusing jury charge, constitutes an abuse of discretion.
With respect to jury instructions, it is incumbent upon the trial court to provide the jury a plain, distinct and unambiguous statement of the law applicable to the evidence presented by the parties to the trier of fact. Marshall v. Gibson (1985), 19 Ohio St.3d 10, 12. The Ohio Supreme Court provided this guidance in Murphy v. Carrolton Mfg. Co., (1991),61 Ohio St.3d 585, 591:
 It is well established that the trial court will not instruct the jury where there is not evidence to support an issue. However, the corollary of this maxim is also true. Ordinarily, requested instructions should be given if they are correct statements of the law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the instructions." (Citation omitted).
 When an appellate court is called to consider alleged error in a trial court's jury instructions, the challenged or omitted instructions must be reviewed within the context of the entire charge and not in and of itself. State v. Hardy (1971), 28 Ohio St.2d 89, 92. Following the applicable standard of review, the trial court can be found to have committed reversible error only where it can be found the instructions given misled the jury. Kobita v. Ford Motor Co. (1995), 73 Ohio St.3d 89, 93.
In Ohio, a suit for damages resulting from dog bites can be instituted under both statutory and common law. Warner v. Wolfe (1964),176 Ohio St. 389, 393. Pursuant to R.C. 955.28, strict liability shall be imposed upon the owner, keeper, or harborer of a dog, "for any injury, death, or loss to person or property that is caused by the dog." The elements to be established for liability to attach under the statute are: 1) the ownership or keepership of the dog; 2) whether the dog's actions were the proximate cause of the damage, and; 3) the monetary amount of damage. Hirschauer v. Davis (1955), 163 Ohio St. 105, 109.
Under common law, the burden of proof is more extensive. A plaintiff seeking recovery pursuant to a theory of general negligence must show: 1) the defendant owned or harbored the dog; 2) the dog was vicious; 3) the defendant knew of the dog's viciousness, and; 4) the defendant was negligent in keeping the dog. McIntosh v. Doddy (1947), 81 Ohio App. 351.
In the instant case, although the Koruschaks' complaint alternatively sought recovery pursuant to general negligence and strict liability, R.C. 955.28, their trial brief only discussed R.C. 955.28 as the basis of Smotrilla's liability, omitting all negligence language initially stated in the complaint. Additionally, the Koruschaks' confined their proposed jury instructions to the language set forth in R.C. 955.28:
 "In reviewing a record to ascertain the presence of sufficient evidence to support the giving of a[n]*** instruction, an appellate court should determine whether the record contains evidence from which reasonable minds might reach the conclusion sought by the instruction." Feterly v. Huettner (1971), 28 Ohio St.2d 54 at the syllabus.
 In the case sub judice, the Koruschaks requested instructions regarding strict liability. It is evident from the partial transcript that much of Smotrilla's testimony focused primarily on ownership and damages caused by the dog. Therefore, reasonable minds could easily reach the conclusion that Smotrilla was strictly liable for an injury proximately caused by this dog if he was, in fact, found to be the owner.
The trial court, however, chose to charge the jury with a detailed instruction regarding negligence. A general negligence claim requires the plaintiff to prove that the owner knew of the dog's vicious propensities, whereas R.C. 955.228, removes the knowledge element, providing that an owner is liable for any damage or injury caused by the dog. Therefore, it was prejudicial for the trial court to charge the jury extensively on general negligence with only a passing reference to strict liability as these instructions are confusing in regards to the burden of proof required for recovery.
In the present case, one line of instructions buried amidst several paragraphs advancing a claim of negligence was devoted to a discussion of strict liability which, astonishingly, fails to mention to term "strict liability." Given the heavy emphasis on negligence in these instructions, the jury most certainly had been confused or misled in regard to the evidence required to return a verdict in favor of the Koruschaks, mistakenly believing negligence was a requisite element for recovery. Counsel for the Koruschaks immediately brought these inadequate and confusing instructions to the attention of the trial court, specifically requesting that a curative instruction be given. The trial court refused. In light of the manner in which the two theories of recovery were mixed in the jury charge, we find the trial court's refusal constitutes an abuse of discretion.
Based upon the above, the trial court's decision denying the Koruschaks' motion for a new trial was an abuse of discretion. The jury instructions, when taken as a whole, were clearly prejudicial to the Koruschaks. Had the trial court properly instructed the jury on strict liability, it appears the outcome of this case could have been different.
For the preceding reasons, we find that Koruschaks' assignment of error has merit. Accordingly, the decision of the trial court is reversed, and the case remanded for a new trial.
Vukovich, J. Concurs, see concurring opinion.
Waite, J. Concurs.
[1] This claim is not at issue in this general appeal.