OPINION
{¶ 1} This is an appeal of a judgment of the Lake County Court of Common Pleas, upon a jury verdict, awarding appellee, Michael Durachinsky, thirty three and one third percent ("33 1/3 percent") of the stock of Beech Pattern Corporation ("Beech Pattern,") punitive damages, and attorney fees.
 {¶ 2} In late 1992 and early 1993, appellee was the owner of Dura Airfoils Corporation ("Dura"), a company that manufactured wax patterns used to create ceramic molds for cast metal parts. The patterns were primarily used in the aerospace industry. At this time, Dura and appellee were experiencing financial difficulties. Appellee looked for someone to purchase the company's assets so he wouldn't be forced into bankruptcy, and was eventually put in contact with appellants, Clifford Drobnick ("Drobnick") and Barry Beech ("Beech.")[1]
 {¶ 3} On March 25, 1993, appellee and appellants entered into an agreement whereby Drobnick and Beech, on behalf of a corporation to be formed, would purchase Dura's assets, including production equipment and the name "Dura Airfoils Corporation." Drobnick and Beech, on behalf of the corporation agreed to assume some of Dura's liabilities. On the same day, appellee, Drobnick, and Beech executed a second agreement whereby, inter alia, Drobnick and Beech gave appellee an option to purchase fifty percent of the new corporation for $1,000 after appellee's divorce and property division were final. This second agreement was voided, on March 29, 1993, by agreement of the parties. On May 10, 1993, appellant, Beech Pattern Corporation, filed for incorporation with the Secretary of State.
 {¶ 4} On October 29, 1993, appellee, Drobnick, and Beech executed a "Letter of Agreement." In it, the parties agreed to the following:
 {¶ 5} "2. The shareholders agreement will be prepared by Cliff Drobnick or he will have the agreement prepared by November 17, 1993.
 {¶ 6} "3. After the shareholders agreement is prepared and signed, then stock will be issued in the following amounts:
 {¶ 7} "Michael Durachinsky 100 shs
 {¶ 8} "Clifford F. Drobnick 50 shs
 {¶ 9} "Barry Beech 25 shs
 {¶ 10} "Robert Beech 25 shs
 {¶ 11} "4. The $500 balance due Michael Durachinsky as indicated below will be paid in January 1994:
 {¶ 12} "Agreed upon 3,000
 {¶ 13} "Less paid (1,500)
 {¶ 14} "Less for stock (1,000)
 {¶ 15} 500"
 {¶ 16} On July 2, 1998, the parties executed a "Letter of Understanding." This document provided that:
 {¶ 17} "Nancy Drobnick is presently the sole 100% owner of the stock in Beech Pattern Corporation, dba Dura Airfoils, ("Company"). The Company's coporate [sic] papers are being drafted. Michael Durachinsky and Barry A. Beech, Sr [sic] will each be able to acquire a 33 1/3% interest in the Company for $1,000 after all the corporate documents are signed. After all the Corporate documents are signed the ownership of the Company will be Nancy Drobnick (33 1/3%), Michael Durachinsky (33 1/3%) and Barry A. Beech, Sr (33 1/3%)." Nancy Drobnick was not a party to this agreement.
 {¶ 18} Testimony indicated that no shareholders' agreement was ever drafted or signed and that no stock certificates were ever issued to appellee.
 {¶ 19} From the time Beech Pattern was incorporated in 1993 until January 24, 2000, appellee served as president of the corporation. During this time, Nancy Drobnick also signed documents with the title of president. On January 24, 2000, Drobnick and Beech informed appellee that he was being removed as president of the corporation, and was being made vice president of sales. On September 29, 2000, appellants terminated appellee's employment with the corporation.
 {¶ 20} On November 17, 2000, appellee filed suit against appellants. His complaint consisted of ten counts. The first count of appellee's complaint was a request for a declaratory judgment. In it, appellee stated that, "[p]laintiff is entitled to a determination of the rights, obligations, status, and legal relations of the parties to Beech Pattern Corporation." Appellee's other counts included claims for fraud, breach of contract, breach of fiduciary duty, conversion, and appointment of a receiver. On December 18, 2000, appellants, Drobnick and Beech Pattern, filed a three-count counterclaim against appellee.
 {¶ 21} On May 2, 2000, the trial court issued a judgment entry bifurcating the trial and ordering that, "Jury Trial on Count One of Plaintiff's Complaint on the issue of Plaintiff's ownership in the business will be heard on MONDAY, MAY 21, 2001 at 9:00 A.M. It is further the order of this Court that should Plaintiff prevail on Count One of Plaintiff's Complaint, the remaining issues of his Complaint will be heard on MONDAY, JULY 16, 2001 at 9:00 A.M." (Emphasis sic.)
 {¶ 22} The jury trial commenced on May 21, 2001, and continued until May 24, 2000. At the close of the evidence, the trial court instructed the jury on appellee's contract claim. The trial court also instructed the jury on fraud, punitive damages, and attorney fees. The jury returned with a general verdict in favor of appellee. The jury found that appellee was a 33 1/3 percent owner of Beech Pattern and that several of the appellants had defrauded appellee. The jury awarded appellee $120,000 in punitive damages and attorney fees.
 {¶ 23} Appellants filed a timely appeal, asserting the following assignments of error:
 {¶ 24} "[1.] The trial court incorrectly instructed the jury that, if it found the July 2, 1998, agreement to be a modification of the October 29, 1993, agreement, it could determine that Mr. Durachinsky owns 33 1/3 percent of Beech Pattern Corporation [.]
 {¶ 25} "[2.] The jury's determination that plaintiff owns 33 1/3 percent of defendant Beech Pattern Corporation was against the manifest weight of the evidence and not supported by sufficient evidence[.]
 {¶ 26} "[3.] The trial court incorrectly instructed the jury on fraud[.]
 {¶ 27} "[4.] The jury's determination that Clifford Drobnick, Barry Beech, and Beech Pattern Corporation committed fraud was against the manifest weight of the evidence and not supported by sufficient evidence[.]
 {¶ 28} "[5.] The trial court incorrectly permitted the jury to assess punitive damages when there was no proof that plaintiff was entitled to a recovery of compensatory damages[.]
 {¶ 29} "[6.] The trial court incorrectly instructed the jury that it had to award Mr. Durachinsky punitive damages[.]
 {¶ 30} "[7.] The trial court incorrectly awarded Mr. Durachinsky attorney fees in this case[.]"
 {¶ 31} In their first assignment of error, appellants argue that the trial court erred by instructing the jury that, if it found that the July 2, 1998 "Letter of Understanding" was a modification of the October 29, 1993 "Letter of Agreement," it could find that appellee owned 33 1/3 percent of Beech Pattern. Appellants argue that the July 2, 1998 agreement, as a matter of law, merely provided appellee an option to purchase stock, which appellee never exercised and, therefore, never became owner of any stock in Beech Pattern.
 {¶ 32} It has been long settled that, when determining whether the trial court should give a jury instruction, the trial court should not give an instruction when there is no evidence to support an issue, but should give requested instructions "`if they are correct statements of the law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the instruction.'" Murphy v. CarrolltonMfg. Co. (1991), 61 Ohio St.3d 585, 591, quoting Markus Palmer, Trial Handbook for Ohio Lawyers (3 Ed. 1991) 860, Section 36:2. When an appellate court reviews a trial court's decision to determine whether an instruction should have been given, the "appellate court should determine whether the record contains evidence from which reasonable minds might reach the conclusion sought by the instruction." Feterle v. Huettner
(1971), 28 Ohio St.2d 54, syllabus.
 {¶ 33} Appellants are correct in their assertion that the interpretation of clear and unambiguous contracts is a matter of law for the court. See, e.g., Famous Supply Co. v. A.B. Cole, Inc. (Nov. 2, 2001), 11th Dist. No. 2000-T-0069, 2001 Ohio App. LEXIS 4993, at *8-9. If an agreement is clear and unambiguous on its face, a court should not rely on rules of construction or parol evidence to interpret it. Id.
 {¶ 34} The July 2, 1998 agreement, however, is neither clear nor unambiguous. In one sentence it provides that, "Michael Durachinsky and Barry A. Beech, Sr [sic] will each be able to acquire a 33 1/3% interest in the Company for $1,000 after all the corporate documents are signed." In the very next sentence, the agreement provides that, "[a]fter all the Corporate documents are signed the ownership of the Company will be Nancy Drobnick (33 1/3%), Michael Durachinsky (33 1/3%) and Barry A. Beech, Sr (33 1/3%)." This language, coupled with the language in the October 29, 1993 agreement which recites that $1,000 owed to appellee was withheld to pay for stock, indicates that the consideration for the stock had already been received.
 {¶ 35} It is axiomatic that a contract must be construed against its drafter. Graham v. Drydock Coal Co. (1996), 76 Ohio St.3d 311, 314. In this case, appellants were responsible for drafting the agreements between the parties. Construing the July 2, 1998 agreement against appellants, it is clear that it does not merely create an option in appellee to purchase shares in the future. The October 29, 1993 agreement provided that appellants had already withheld $1,000 from appellee to pay for stock. Reading the two agreements in conjunction, it is apparent that appellee's payment for the stock had already been withheld, which is why "[a]fter all the Corporate documents are signed the ownership of the Company will be Nancy Drobnick (33 1/3%), Michael Durachinsky (33 1/3%) and Barry A. Beech, Sr (33 1/3%)." The recitation of the $1,000 price for the 33 1/3 percent interest is merely for valuation purposes and does not make the agreement an option contract. At the time of the October 29, 1993 agreement, only the clerical acts of execution of the shareholders' agreement and the issuance of the stock remained to be completed. Beech Pattern Corporation had filed for incorporation with the Secretary of State on May 10, 1993, thus, the corporate documents had already been signed.
 {¶ 36} Thus, the issue for the jury was not whether appellee had exercised an option created by the July 2, 1998 agreement, but whether the October 29, 1993 agreement was a valid contract and whether the July 2, 1998 agreement was intended by the parties to be a modification of the October 29, 1993 contract. A review of the record reveals sufficient evidence for reasonable minds to conclude that the October 29, 1993 agreement was a contract and that the July 2, 1998 agreement was a valid modification of the October 29, 1993 contract. Thus, the trial court did not err by submitting the issue to the jury and instructing it that it could make that determination.
 {¶ 37} Appellants' first assignment of error is without merit.
 {¶ 38} In appellants' second assignment of error, they argue that the jury's verdict that appellee was 33 1/3 percent owner of the corporation was against the manifest weight of the evidence and was not supported by sufficient evidence. Appellants argue that, in the July 2, 1998 agreement, appellee received an option to purchase stock. Because of this, appellants argue, the jury's verdict finding that appellee was a 33 1/3 percent owner of Beech Pattern was against the manifest weight of the evidence because no evidence was presented that appellee exercised the option.
 {¶ 39} The issue of the existence of a contract is an issue for the trier of fact. Gruenspan v. Seitz (1997), 124 Ohio App.3d 197, 211. Appellants did not assign as error the jury's finding that the October 29, 1993 agreement was a contract; nor did appellants claim that the jury erred in finding that the July 2, 1998 agreement was a modification of the October 29, 1993 agreement. In this appeal, appellants are only arguing that the contract created by the October 29, 1993 agreement and the July 2. 1998 modification was an option contract and that a finding that appellee exercised an option was against the manifest weight of the evidence. Therefore, we will limit our review of the jury's verdict to the issue raised on appeal by appellants. See App.R. 12(A)(2).
 {¶ 40} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 41} As we found in appellants' first assignment of error, the July 2, 1998 agreement did not create an option in appellee to purchase stock in Beech Pattern. Thus, the absence of evidence showing that appellee exercised an option does not make the jury's verdict against the manifest weight of the evidence.
 {¶ 42} Furthermore, even if the July 2, 1998 agreement had created an option contract, evidence was presented from which the jury could have concluded that appellee had exercised the option. The October 29, 1993 agreement recited that $1,000 had been withheld from appellee to pay for stock in Beech Pattern. It is undisputed that appellee received no stock following the October 29, 1993 agreement. Appellee testified that the $1,000 was never paid to him, and there is no documentation indicating that the money was ever paid to appellee.
 {¶ 43} Appellants point out that Drobnick and Beech testified that they paid appellee the $1,000 they had withheld from him. In addition, they argue that appellee testified, under cross-examination that "I didn't exercise anything in the letter of understanding from July 2, 1998." While these are certainly evidence that appellee may not have exercised an option, there was still competent, credible evidence presented from which the jury could conclude that he had.
 {¶ 44} Appellants' second assignment of error is without merit.
 {¶ 45} In appellants' third assignment of error, they argue that the trial court erred by instructing the jury on the issue of fraud after it had bifurcated the issues for trial, ordering that a trial would be held on the first count of appellee's complaint only and a separate trial would be held, if needed, on the other counts, including the fraud count. Appellee's first count does not plead fraud with particularity, as required by Civ.R. 9(B); indeed appellee's first count does not plead fraud at all. After both parties had rested their cases and had made their closing arguments, the trial court informed the parties that it would be instructing the jury on the issue of fraud, punitive damages and attorney fees. Appellants argue that this prejudiced them because they did not have an opportunity to defend against a claim of fraud during the course of the trial.
 {¶ 46} An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. In this case, after ordering that the issue of the declaratory judgment action would be tried prior to and separate from the other counts in appellee's complaint, including appellee's count alleging fraud, the trial court instructed the jury on the issue of fraud and permitted the jury to return a verdict on fraud and to issue damages for fraud. In so doing, the court deprived appellants of an opportunity to adequately defend against claims of fraud. The trial court abused its discretion by instructing the jury on fraud after issuing an order bifurcating the trial and setting all claims, other than the declaratory judgment claim, for a separate trial, on July 16, 2001.
 {¶ 47} Appellants' third assignment of error has merit.
 {¶ 48} Appellant's fourth through seventh assignments of error all stem from the jury's finding for appellee on the fraud issue. Because the court erred by permitting the jury to consider fraud, and should have reserved the issue of fraud for the second trial, appellants' fourth through seventh assignments of error also have merit.
 {¶ 49} For the foregoing reasons, the trial court's judgment on count one of appellee's complaint, finding that appellee owns 33 1/3 percent of Beech Pattern, is affirmed. The trial court's judgment on all other issues is reversed and the case remanded for further proceedings consistent with this opinion.
DIANE V. GRENDELL, J., concurs.
[1] The appellants in this case are as follows:
Clifford F. Drobnick; Barry A. Beech Sr.; Robert Beech; Nancy Drobnick; Beech Pattern Corporation; Drobnick Associates, C.P.A.; Bridan Investment Co.; Mentor Leasing Company; Wonder-Weave Corporation; Turbine Investment Co., L.L.C; and, Beech Tool Company.