**The STATE of Ohio, Appellee,**

**v.**

**NETHERLAND, Appellant.**

[Cite as *State v. Netherland* (1999), 132 Ohio App.3d 252.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–971086.

Decided Feb. 8, 1999.

256

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Susan Laker Tolbert,* Assistant Prosecuting Attorney, for appellee.

*Bryan R. Perkins,* for appellant.

---

*Per Curiam.*

## PROCEDURAL POSTURE

Defendant-appellant David Netherland was charged with three counts of rape and three counts of sexual battery. He was found guilty by a jury of one count of rape and two counts of sexual battery and found not guilty of the other charges. He appeals from the judgment entered upon the guilty verdicts.

## FACTS

The record establishes that from October 26, 1993, to October 22, 1996, Netherland and his wife, licensed foster parents, cared for thirteen-year-old Bea Schooley in their home. After she was adjudicated a dependent child, Schooley had been placed in the Netherland home by the Butler County Department of Children's Services ("Children's Services"). When she was placed with the Netherlands, Children's Services described Schooley as suicidal, self-destructive and in need of therapeutic counseling, in part because she had threatened to commit suicide if she had to return to either of her natural parents.

For reasons not related to this action, Schooley was removed from the Netherland home. Approximately two weeks after her removal, Schooley met with Cynthia Hayes, a Children's Services investigator. Based on that meeting, Hayes concluded that Schooley was a victim of child abuse. After the case was

referred to the Butler County police, Netherland was charged with rape and sexual battery.

At trial, Schooley testified that Netherland had engaged in intercourse with her from December 1993 until her removal from the Netherland home in October 1996. Schooley further testified that Netherland had threatened that she would be removed from the home and returned to her mother if she did not keep their sexual contact secret.

Netherland was found guilty of rape and sexual battery. The trial court also adjudicated Netherland a sexually oriented offender and ordered the Sheriff of Hamilton County to "process" him. Netherland was sentenced to a term of incarceration of seven to twenty-five years for one count of rape and one count of sexual battery. On the second sexual-battery count, Netherland was sentenced to two years of incarceration to be served consecutively to the other sentence.

## ASSIGNMENTS OF ERROR

Netherland brings thirteen assignments of error. We address his assignments of error in what we consider the most logical order.

### (A) Expert Testimony

In his first and second assignments of error, Netherland argues that the trial court erred in admitting the testimony of Hayes. Netherland contends that Hayes was inappropriately permitted to testify to the veracity of Schooley and to testify that the case presented a "typical" case of child sexual abuse.

In child-abuse cases, qualified experts might include persons who have "specialized knowledge, experience and training in recognizing occurrences of child abuse." *State v. Boston.*[1] But "an expert may not testify as to the expert's opinion of the veracity of the statements of a child declarant."[2] Under the Ohio Rules of Evidence, however, an expert may testify that the behavior of an alleged child victim is "consistent with behavior observed in sexually abused children." *State v. Stowers.*[3]

On direct examination, Cynthia Hayes testified that Schooley had told her that she had been molested. Hayes also testified, without objection, that she had investigated over seven hundred child-abuse cases for Children's Services. Hayes enumerated the indicia of sexual abuse that she had observed over the

---

1. (1989), 46 Ohio St.3d 108, 119, 545 N.E.2d 1220, 1231–1232.

2. *Boston, supra,* syllabus.

3. (1998), 81 Ohio St.3d 260, 261, 690 N.E.2d 881, 883.

course of her seven hundred investigations, including a child's secretiveness about the abuse and the child's upbringing in a home where the mother had been abused.

■■■ On cross-examination, defense counsel questioned Hayes about her alleged statement to Netherland that she always believed the children about allegations of abuse. Hayes replied that she did believe the children if there was no reason not to. On redirect examination, Hayes was asked "how it is that you believed Schooley?" In response, Hayes stated that, in instances where children were not truthful, there were "holes" in their stories and that there were none in Schooley's. Netherland argues that these statements were an impermissible comment on the veracity of Schooley in violation of *Boston.*

Netherland cannot be heard to complain about this line of questioning, as it was defense counsel who initiated the disputed testimony. Further, while the follow-up question by the state was treading close to a violation of *Boston,* the witness's answers did not cross the line.

Admittedly, a careful reading of the record indicates that neither party clearly or adequately established Hayes as an expert. This is of concern given the Ohio Supreme Court's significant and specific comments on the qualifications of trial experts.[4] However, Hayes's status as an expert was not challenged at trial and has not been assigned as error on appeal. Further, as discussed *supra,* Hayes's answers were sufficiently generalized in describing her experience with the behavior of an abused child that her responses did not exceed the boundaries established by *Boston* or *Stowers.* Therefore, finding no error, we overrule Netherland's first and second assignments of error.

### (B) Other Acts

In his third and fifth assignments of error, Netherland argues that the trial court erred by permitting the state to introduce evidence of alleged "other acts" committed by Netherland with Schooley and with other foster children.

During the trial, without any objection from defense counsel, Schooley testified at length about sexual encounters with Netherland other than those with which he was charged, including testimony that she and Netherland had sex approximately one to two times a week over the three years she lived in the Netherland home. On cross-examination, defense counsel extensively questioned Schooley about her relationship with Netherland and the instances of sexual contact. Defense counsel asked Schooley if her account of sexual contact with Netherland amounted to a total of between one hundred and three hundred sexual encounters

---

**4.** See, *e.g., Boston, supra; Stowers, supra;* see, also, *State v. Austin* (1998), 131 Ohio App.3d 329, 722 N.E.2d 555.

with Netherland. Netherland now argues that admission of this testimony was error by the trial court.

At trial, the admissibility of other-acts evidence is restricted because of the substantial danger that the jury will find the defendant guilty because of the impermissible assumption that the defendant has a propensity to commit criminal acts or deserves punishment regardless of whether he or she has committed the crimes charged in the indictment. *State v. Schaim.*[5] Evid.R. 404(B) provides that evidence of other acts is not admissible to prove that a person acted in conformity with his character on a particular occasions. *State v. Broom.*[6] Finally, other-acts evidence is at no time admissible when its only purpose is to establish that the defendant committed the act alleged in the indictment. *State v. Flonnory.*[7]

In the prosecution of sexual offenses, the admissibility of evidence of the other sexual activity by the victim or by the defendant has been further limited. R.C. 2907.02(D), the statute that governs rape, provides:

"Evidence of specific instances of the victim's sexual activity * * * shall not be admitted under this section unless it involves evidence of * * * the victim's past sexual activity with the offender * * *.

"* * *

"Evidence of specific instances of the defendant's sexual activity * * * shall not be admitted under this section unless it involves * * * the defendant's past sexual activity with the victim."

R.C. 2907.02(D) also provides that evidence admitted under that section is only admissible to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value. Further, prior to taking testimony or receiving evidence of any sexual activity of the victim or the defendant, the court shall resolve the admissibility of the proposed evidence in a hearing in chambers, no less than three days before trial or, for good cause shown, during the trial. R.C. 2907.02(E).

Netherland argues that Schooley's testimony was impermissible because there was no *in camera* hearing on the admissibility of her testimony. It is clear that Schooley's testimony was admissible under R.C. 2907.02(D) as evidence

---

5. (1992), 65 Ohio St.3d 51, 59, 600 N.E.2d 661, 668.

6. (1988), 40 Ohio St.3d 277, 281–282, 533 N.E.2d 682, 689–690.

7. (1972), 31 Ohio St.2d 124, 60 O.O.2d 95, 285 N.E.2d 726, paragraph two of the syllabus; *State v. Cotton* (1996), 113 Ohio App.3d 125, 132, 680 N.E.2d 657, 661.

of sexual activity between the victim and the defendant. What is not clear from the record is whether there was a hearing held prior to the trial or during the course thereof on the issues of materiality and prejudice. Defense counsel offered no objection to any portion of Schooley's testimony on this topic but instead aggressively used that testimony affirmatively to impeach Schooley during an extensive cross-examination, in detail, about the matters now disputed.

The requirements of an *in camera* hearing, as provided by R.C. 2907.02(E), may be waived if not asserted to the trial court prior to trial, or during trial with good cause being shown. *State v. Acre.*[8] While we strongly emphasize that the better practice is to address the testimony beforehand, we find it disingenuous that Netherland now objects to the testimony he vigorously, and affirmatively, used at trial. Netherland's situation is in distinct contrast to that in *State v. Cotton,* where such a hearing was requested and rejected. Here no such request was made. Rather, Netherland now seeks to repudiate his counsel's trial tactic of impeaching the witness with her testimony. Finding no error, we overrule Netherland's third assignment of error.

Netherland also argues that the trial court erred by permitting the introduction of alleged other-acts evidence concerning Netherland's sexual involvement with other foster children.

During the course of the testimony by Cynthia Hayes, she stated that she was investigating an allegation regarding another foster child in the Netherland home, and that Schooley had been removed from the Netherland home because of another allegation. Defense counsel promptly objected to these statements. Each objection was sustained, and the trial court immediately gave corrective instructions to the jury. In addition, the trial court admonished Hayes more than twice about limiting her answers. While Hayes was a troublesome witness, given the limiting instructions by the trial court and the curative instructions to the jury, we find no error prejudicial to Netherland. A presumption always exists that the jury has followed the instructions given to it by the trial court. *Pang v. Minch.*[9]

Shea Orlemann, Schooley's caseworker, testified that Schooley was removed because of an allegation being investigated. Defense counsel offered no objection; therefore, any error is waived, save plain error. *State v. Slagle.*[10] We find no plain error because of the nonspecific nature of the testimony.

---

**8.** (1983), 6 Ohio St.3d 140, 6 OBR 197, 451 N.E.2d 802, paragraph four of the syllabus.

**9.** (1990), 53 Ohio St.3d 186, 559 N.E.2d 1313, paragraph four of the syllabus.

**10.** (1992), 65 Ohio St.3d 597, 604, 605 N.E.2d 916, 925.

 Netherland also objected to portions of Schooley's testimony. During her testimony, Schooley stated that she was scared for other people, "other girls." Since defense counsel objected, then withdrew the objection, we find no error. In sum, the instances complained of were swiftly dealt with, the witnesses severely cautioned and the jury instructed to disregard any improper remarks. Finding no error, we overrule Netherland's fifth assignment of error.

## (C) False Accusations

In his fourth assignment of error, Netherland claims that the trial court erred by not permitting him to cross-examine witnesses regarding prior false allegations of sexual abuse made by Schooley.

Evid.R. 608(B) prohibits the use of extrinsic evidence of specific instances of the conduct of a witness, for purposes of attacking or supporting credibility. Those instances, in the discretion of the court, may be the subject of cross-examination if they are probative of a witness's character for truthfulness or untruthfulness. Evid.R. 608(B).

 In a trial for rape, the issue of whether the rape-shield-provisions of R.C. 2907.02(D) prohibit a defendant from cross-examining an alleged rape victim about prior false rape accusations the victim is alleged to have made is examined in *State v. Boggs*.[11] When an alleged rape victim admits on cross-examination that she has made a prior false rape accusation, the trial judge must conduct an *in camera* hearing to ascertain whether sexual activity was involved. *Boggs*.[12] If sexual activity was involved, then the testimony is inadmissible, or shielded under R.C. 2907.02(D). If the trial judge finds that there was a false accusation and that there was no sexual activity involved, then this evidence does not fall within the rape-shield statute. *Boggs*.[13] Thus, a defendant would be permitted under Evid.R. 608(B), in the court's discretion, to cross-examine the victim regarding those accusations if probative of truthfulness or untruthfulness. *Id.* When seeking to cross-examine a victim on prior false accusations of rape, the defendant has the burden to "demonstrate that the accusations were totally false and unfounded."[14] Thus, an initial inquiry must be whether the accusations were made by the complaining witness, and the trial court must be satisfied that the prior allegations of sexual misconduct were actually false or fabricated.

---

11. (1992), 63 Ohio St.3d 418, 588 N.E.2d 813.

12. *Boggs, supra,* paragraph two of the syllabus.

13. *Boggs, supra,* at 421, 588 N.E.2d at 816.

14. *Id.* at 423, 588 N.E.2d at 817.

The record reflects that defense counsel attempted to get Schooley to admit that her prior allegations were false. She did not. Despite Schooley's denial of any false accusations, the trial court held an extensive *in camera* hearing with defense counsel, the prosecutor, and Schooley about prior allegations of abuse, and about whether there was sexual activity that would preclude further cross-examination under R.C. 2907.02(D). Netherland now claims that he was prejudiced because he was not permitted to question *other* witnesses about the truthfulness of Schooley's past accusations. On this issue, the case law established by *State v. Boggs* and followed by this court in *State v. Black* is clear: Only the victim may be cross-examined regarding the false allegations, and no extrinsic evidence of these prior allegations is permitted.[15] Further, pursuant to Evid.R. 608(B), in the cross-examination of a victim regarding prior accusations, the defendant "will be bound by the answers given by the victim."[16] Thus, under these circumstances, we find no error. Netherland's fourth assignment of error is overruled.

### (D) Hearsay

In his seventh assignment of error, Netherland argues that trial court improperly admitted hearsay evidence to corroborate the testimony of the complaining witness.

To constitute hearsay, there must be an out-of-court statement and that statement must be offered to prove the truth of the matter asserted. If either element is not present, the statement is not hearsay. *State v. Maurer.*[17]

On direct examination, Cynthia Hayes responded affirmatively when she was asked if, when investigating Schooley's allegations, she spoke with other members of the Netherland household. She was then asked if another child "saw anything," to which Hayes responded "yes." At most, this is harmless error. There was no statement offered by the witness that the other child saw abuse. Even if this statement created an unfavorable impression about Netherland, it has not been demonstrated that he was materially prejudiced thereby. In the absence of material prejudice, we decline to reverse Netherland's conviction on the basis of his hearsay claim. *Id.*

### (E) Effective Assistance of Counsel

In his tenth assignment of error, Netherland argues that he was denied the effective assistance of counsel.

---

15. *State v. Black* (1993), 85 Ohio App.3d 771, 778, 621 N.E.2d 484, 489.

16. *Boggs, supra,* at 421, 588 N.E.2d at 816.

17. (1984), 15 Ohio St.3d 239, 15 OBR 379, 473 N.E.2d 768.

■ To prove ineffective assistance of counsel, the defendant must demonstrate both that his trial counsel substantially violated an essential duty owed to him and that this deficiency prejudiced his defense. *Strickland v. Washington.*[18] Sweeping assertions that lack a demonstration of prejudice are insufficient. *State v. Jackson.*[19]

■ Netherland argues that his counsel was deficient in failing to make certain objections and trial motions. The record reveals that defense counsel advocated strenuously on behalf of Netherland. With regard to objections and motions that Netherland now claims counsel should have made, Netherland must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland v. Washington.*[20] A defendant is not deprived of the effective assistance of counsel when counsel chooses, for strategic reasons, not to pursue every possible trial tactic. *State v. Brown.*[21] In the instant action, the record does not reveal that defense counsel violated an essential duty. On the contrary, a very clear defense strategy, to cast doubt on Schooley, emerges from the record, and that strategy was effectively executed at trial. Therefore, we overrule Netherland's tenth assignment of error.

### (F) Jury Instructions

■ In his twelfth assignment of error, Netherland argues that the jury was improperly instructed on the issue of force. Since there was no objection to the jury instructions, we evaluate this under a plain-error analysis. *State v. Slagle.*[22]

■ R.C. 2907.01(A) defines "force" as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." The amount of force necessary to commit rape depends on the parties' age, size, strength and relation to each other. *State v. Eskridge.*[23] In *Eskridge*, the Supreme Court recognized that in a parent-child relationship, the "youth and vulnerability of children, coupled with the power inherent in a parent's position of authority creates a unique situation of dominance and control," in which the child

---

**18.** (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

**19.** (1980), 64 Ohio St.2d 107, 18 O.O.3d 348, 413 N.E.2d 819.

**20.** (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

**21.** (1988), 38 Ohio St.3d 305, 319, 528 N.E.2d 523, 540.

**22.** *Slagle, supra,* at 604, 605 N.E.2d at 925.

**23.** (1988), 38 Ohio St.3d 56, 526 N.E.2d 304, paragraph one of the syllabus.

has no real power to resist and every command carries a tacit threat of punishment for disobedience.[24] Consequently, within the parent-child relationship, explicit threats or displays of force are not necessary to prove abuse. *Id.* Thus, at the heart of *Eskridge* is the principle that when a parent abuses a child, no physical force need be actually shown.

■■■ At issue is whether this analysis extends to Netherland, who was not the natural parent of Schooley. We agree with our colleagues in the Eighth and Ninth Appellate Districts that *Eskridge* extends to situations in which the defendant is not the natural parent of the child-victim, but occupies a position of authority over the child.[25] Netherland unmistakably occupied a position of authority over Schooley, standing *in loco parentis.* Therefore, actual physical threats of force were not necessary to demonstrate the force element. We find no error at all in the jury instructions given. Netherland's twelfth assignment of error is overruled.

### (G) Weight and Sufficiency of Evidence

In his sixth and eleventh assignments of error, Netherland argues that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence.

■■■ To reverse a conviction for insufficient evidence, after reviewing the evidence in the light most favorable to the prosecution, an appellate court must conclude that "no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks.*[26]

■■■■ To reverse on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all inferences, consider the credibility of the witnesses, and determine that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. *State v. Thompkins.*[27] The weight to be given the evidence and the credibility of the witnesses at trial are issues primarily for the trier of fact. *State v. DeHass.*[28]

---

**24.** *Eskridge, supra,* at 59, 526 N.E.2d at 306.

**25.** See *State v. Riffle* (1996), 110 Ohio App.3d 554, 674 N.E.2d 1214 (extending *Eskridge* to victim's step-father); *State v. Kennedy* (June 21, 1990), Cuyahoga App. No. 57147, unreported, 1990 WL 84286 (extending *Eskridge* to the live-in boyfriend of the victim's aunt).

**26.** (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

**27.** (1997), 78 Ohio St.3d 380, 678 N.E.2d 541; *State v. Martin* (1983), 20 Ohio App.3d 172, 20 OBR 215, 485 N.E.2d 717.

**28.** (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.

Netherland argues that his motion for acquittal under Crim.R. 29 should have been granted because the state failed to offer sufficient evidence on the element of force, an essential element of the offense. Netherland relies on *State v. Schaim* [29] to argue that since Schooley was not of tender years, was trained in the martial arts and had access to caseworkers and psychiatrists, she was not vulnerable to compulsion by Netherland or to the implicit threat that she would be returned to her parents if she did not have a sexual relationship with Netherland. We reject this argument. That an emotionally disturbed child-victim has access to health-care workers or training in martial arts does not mean that she is invulnerable to emotional manipulation or to the circumstances that engender abuse. There was substantial testimony from Hayes, Shea Orlemann, Betty Hauser, another foster parent, and Schooley herself about the troubled state of mind that Schooley had at the time of her placement. Further, both Dolly and David Netherland testified that Schooley was troubled, withdrawn and vulnerable when she was placed with them. In light of this evidence, we cannot say that the state did not prove the element of force. We overrule Netherland's sixth assignment of error.

The state put into evidence the testimony of Schooley and Hayes. Schooley's testimony was extensive about a sexual relationship with Netherland, as well as about details of Netherland's vasectomy, including the location of the incision and bandage. Hayes offered uncontradicted testimony about the behaviors of sexually abused children and Schooley's conformity with those behaviors. We hold that Netherland's conviction was supported by credible and competent evidence. Therefore, Netherland's eleventh assignment of error is overruled.

### (H) Sentencing

In his eighth assignment of error, Netherland argues that he should have been sentenced under Am.Sub.S.B. No. 2.

The amended sentencing provisions of Am.Sub.S.B. No. 2 are applicable only to those crimes committed on or after its effective date. *State v. Rush.* [30] Because Netherland committed the offenses prior to the bill's effective date, we overrule this assignment of error.

In his ninth assignment of error, Netherland argues that his adjudication as a sexually oriented offender and the imposition of a duty to register violated the Due Process and Equal Protection Clauses of the United States and the Ohio Constitutions. The constitutionality of R.C. Chapter 2950 was upheld in

---

**29.** (1992), 65 Ohio St.3d 51, 600 N.E.2d 661.

**30.** (1998), 83 Ohio St.3d 53, 697 N.E.2d 634, paragraph two of the syllabus.

*State v. Cook.*[31] Netherland argues correctly that, in *State v. Boeddeker,*[32] this court held that the registration requirements accompanying the sexually-oriented-offender status bear no rational relationship to the state's goal of preventing repeat sexual offenders and thus are unconstitutional. Despite this finding, the *Boeddeker* court concluded that the defendant could not be granted relief because the duty to register had not yet been enforced. Similarly, here, we find no reversible error in the adjudication of Netherland as a sexually-oriented offender. See *State v. Kelsor.*[33] However, the trial court had no authority to direct the Sheriff of Hamilton County to process the offender, and, therefore, its entry to that effect is void. R.C. 2950.03(A)(2) and (C)(1).[34] Further, the state cannot now complain that Netherland was not found to be a sexual predator because it did not file a cross-appeal as required by App.R.3(C)(1).

### (I) Cumulative Error

In his thirteenth assignment of error, Netherland contends that the cumulative effect of the trial court's errors deprived him of his due process rights. Netherland bases this assignment of error on the claims made in his previous twelve assignments. Because none of the assignments of error upon which this assignment of error is based has merit, there is no cumulative error. See *State v. Massengale.*[35]

*Judgment affirmed.*

HILDEBRANDT, P.J., GORMAN and MARIANNA BROWN BETTMAN, JJ., concur.

---

**31.** (1998), 83 Ohio St.3d 404, 700 N.E.2d 570.

**32.** (Feb. 13, 1998), Hamilton App. No. C–970471, unreported, 1998 WL 57234.

**33.** (Oct. 30, 1998), Hamilton App. No. C–970499, unreported, 1998 WL 754317.

**34.** See, also, *State v. Lance* (Feb. 13, 1998), Hamilton App. Nos. C–970301, C–970282, and C–970283, unreported, 1998 WL 57359.

**35.** (Dec. 26, 1997), Hamilton App. No. C–961100, unreported, 1997 WL 789398.