JOURNAL ENTRY
{¶ 1} A jury convicted Edward Dubose ("Appellant") on two counts of felonious assault and one count alleging that he improperly discharged a firearm into an occupied structure, along with a gun specification for each count. The trial court sentenced him to consecutive prison terms of four years on each count with three years for the firearm specification. On June 6, 2002, this court issued a decision affirming the judgment entered by the trial court in all respects. On September 4, 2002, fully ninety days later, Appellant filed an application seeking to reopen his appeal pursuant to App.R. 26(B). In that application, his new appellate counsel challenges the performance of his former appellate counsel because he failed to allege incompetence of trial counsel. Appellant also maintains that former appellate counsel was ineffective for failing to cite applicable United States Supreme Court authority in support of the assignments of error raised in the original appeal. According to Appellant, this failure was outcome determinative and, therefore, warrants that we reopen his case. Based on the record and our earlier opinion, we must disagree.
 {¶ 2} Under App.R. 26(B) an appellant may ask this court to reopen his appeal, "based on a claim of ineffective assistance of appellate counsel." An application seeking such relief must contain among other things, "one or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits of the case * * * or that were considered on an incomplete record * * *." App.R. 26(B). Appellant does not claim here that the record on which we based our original decision in this case was incomplete. Instead, Appellant complains that in raising the various errors that purportedly occurred during the course of his trial, original appellate counsel erroneously failed to challenge the effectiveness of trial counsel.
 {¶ 3} Specifically, Appellant argues that trial counsel was ineffective due to the following: (1) he failed to file a motion to dismiss on speedy trial grounds; (2) he failed to move for a mistrial when the state introduced testimony regarding his "offer of compromise;" (3) he failed to object to allegedly inadmissible portions of Sam Jr.'s testimony; (4) he failed to object to portions of the state's closing arguments; 5) he failed to object to the jury instruction regarding the firearm specification; and 6) he failed to object to the court's imposition of consecutive sentences.
 {¶ 4} At the outset, we are compelled to note that the issues underlying Appellant's newly fashioned ineffective assistance of counsel claims were fully addressed in the opinion issued on June 6, 2002. In that decision, this court found all of the aforementioned issues to be either harmless or without merit. Nevertheless, in an apparent attempt at reconsideration of this appeal, Appellant has simply reformulated those issues as ineffective assistance of counsel claims. Merely reconfiguring Appellant's claims, however, cannot transform otherwise meritless issues into reversible error.
 {¶ 5} In determining whether counsel's performance was constitutionally deficient, our analysis is highly deferential. State v.Bradley (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373; citing Stricklandv. Washington (1984), 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674. To demonstrate that trial counsel was ineffective, Appellant must show that counsel's performance was not only deficient, but his, "* * * errors so serious that [he] was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Strickland, supra at 687. Appellant must also demonstrate that counsel's ineptitude prejudiced his defense. Id., see also State v. Lytle (1976), 48 Ohio St.2d 391, 397,358 N.E.2d 623, vacated in part on other grounds, 438 U.S. 910,98 S.Ct. 3135, 57 L.Ed.2d 1154. This case does not meet even the first of those thresholds.
 {¶ 6} Counsel's decisions with respect to the filing of motions and the interposing of objections are matters of trial strategy and are afforded significant latitude. State v. Netherland (1999),132 Ohio App.3d 263, 264, 724 N.E.2d 1182. Even debatable trial tactics typically do not constitute a deprivation of effective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45, 47, 402 N.E.2d 1189. Thus, to demonstrate ineffective assistance of counsel, Appellant must overcome a presumption that the undertakings of a properly licensed attorney are sound trial strategy. Strickland, supra at 689. In dealing with the issue of the quality of counsel's performance this Court cannot allow hindsight to distort our assessment of what was reasonable given trial counsel's perspective at the time. State v. Cook (1992),65 Ohio St.3d 516, 524-525, 605 N.E.2d 70.
 {¶ 7} Appellant offers nothing to substantiate his claim that trial counsel's actions constituted anything other than standard trial tactics. Further, even if Appellant could demonstrate that trial counsel's performance was substandard, Appellant cannot show that but for counsel's professed errors or omissions, the outcome of Appellant's trial would have been different. Thus, this prong of the test fails also and Appellant cannot meet either requirement for a salient ineffective assistance of counsel claim.
 {¶ 8} Appellant first alleges that trial counsel was ineffective because he failed to pursue Appellant's right to a speedy trial. A review of the record, however, discloses that there was no speedy trial violation to pursue. Under the circumstances, counsel's failure to seek a dismissal of the charges on speedy trial grounds can hardly be characterized as ineffective. Appellant's claim that he was entitled to release after ninety days under R.C. § 2945.71(E) and that the 270 triple count limit does not apply to him is false. As Appellee noted in its response to Appellant's original merit brief, police arrested Appellant in connection with the instant case on March 29, 1999, and he remained in custody until his trial on March 20, 2000. The record reflects, however, that during much of that time, Appellant was in custody pending the resolution of unrelated criminal charges. The triple count provision set forth under R.C. § 2945.71(E) applies to those held in jail in lieu of bail "solely on the pending charge." Cook, supra, at 518.
 {¶ 9} Consequently, this court has held that, "where the offender would not be let free if the pending charge was dismissed due to the existence of another charge in another court or the existence of a sentence imposed on prior offenses, then the triple count provision does not apply." State v. Davis, 7th Dist. No. 01 CA 171, 2002-Ohio-2789, citing, State v. McDonald (1976), 48 Ohio St.2d 66, 357 N.E.2d 40. Moreover, as we observed in our original Opinion in this matter where we first addressed Appellant's speedy trial claim, Appellee took pains to calculate the number of days that elapsed between the time of his arrest and his trial and concluded that he was tried within 262 days. We agreed with Appellee when we originally reviewed the matter and concluded that no speedy trial violation occurred.
 {¶ 10} The balance of Appellant's ineffective assistance of trial counsel arguments are likewise redundant. In these, Appellant attacks trial counsel's failure to object to the introduction of certain evidence, failure to object to the arguments of opposing counsel, failure to object to the imposition of consecutive sentences, and counsel's failure to request a particular jury instruction.
 {¶ 11} Specifically, Appellant argues that testimony from one of the victims to the effect that Appellant offered to pay for some of the damage he caused if the victim agreed to drop charges, which Appellant characterizes as an "offer of compromise," was inadmissible under Evid.R. 408. Appellant claims that trial counsel was incompetent for not objecting to this testimony or seeking a mistrial once it was admitted. Because we held in the underlying appeal in this matter that such evidence was not barred under Evid.R. 408, counsel's failure to object to its introduction was clearly not ineffective assistance.
 {¶ 12} Neither, for that matter, was trial counsel's failure to object to the arguments of opposing counsel or the imposition of consecutive sentences. Again, since we earlier held that neither the arguments nor the sentences imposed were improper, trial counsel's failure to object thereto cannot be considered ineffective assistance. Similarly, because we held that the trial court's failure to instruct the jury that it had to find the elements of the firearm specifications beyond a reasonable doubt was harmless to the extent it could be considered error at all, counsel's failure to request such an instruction was also harmless.
 {¶ 13} Appellant also argues that his former appellate counsel was ineffective, "because he failed to cite relevant constitutional provisions and United State's Supreme Court decisions in support of his claims." Appellant maintains that had his former counsel alluded to such authority in support of his various assignments of error in the initial appeal, the outcome of his case would have been different. Again, Appellant is mistaken. Appellant apparently believes that the Court is incapable of ascertaining the prevailing authority governing the issues before us. However, the extent of our earlier opinion should have corrected that misconception. Further, a review of the various cases to which Appellant directs us in his application instantly reveals that none of these is any more or less relevant than those cited in the original appeal of this matter. None of these impacts in any way on our earlier decision in this matter.
 {¶ 14} As Appellant does not meet the standard required in any respect, and as all of his claims have been thoroughly reviewed in our original decision in this matter, the application to reopen his appeal is hereby denied.
Waite, J., concurs.
Donofrio, J., concurs.
DeGenaro, J., concurs.