DECISION *Page 2 
{¶ 1} Defendant-appellant, Dana Henson, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of attempted gross sexual imposition. He was convicted after a jury trial.
 The Alleged Sexual Contact {¶ 2} Henson was charged with gross sexual imposition for allegedly having sexual contact with his 15-year-old daughter, Dana Shands. At trial, Shands testified that she had been estranged from her father for a long period of time and had been living with her grandmother. In an attempt at reconciliation, she had spent the night at Henson's house.
 {¶ 3} Henson and Shands had fallen asleep on a sofa in Henson's basement, and when they awakened, they sat or reclined next to each other and talked. Shands testified that Henson had his arm around her and at some point began to touch her breasts. Shands moved his hand away from her breasts, and Henson then attempted to put his hand down her pants. Shands again resisted, and after a brief struggle, she was able to get away from him.
 {¶ 4} On cross-examination, Shands stated that she could not remember certain details of the alleged assault. Then, on redirect examination, the state asked Shands to read aloud the written statement that she had made to the police shortly after the incident had occurred. Shands read the statement, but there were breaks where she was crying or too upset to read the statement clearly. *Page 3 
 {¶ 5} The state did not move the written statement into evidence. But during deliberations, the jury conveyed a request to the trial court to see the written statement because, in the jury foreperson's words, "[w]e feel the reading on the stand was broken."
 {¶ 6} The trial court then sua sponte marked the written statement as the court's own exhibit and provided it to the jury. Henson, his counsel, and the prosecutor were all absent from the courtroom when the court read the jury's request and when the court gave the statement to the jury.
 {¶ 7} The jury returned a guilty verdict on the lesser-included offense of attempted gross sexual imposition, and the court sentenced Henson to a 12-month term of imprisonment.
 {¶ 8} Henson now asserts five assignments of error. We begin with the fourth assignment, in which he argues that the conviction was based on insufficient evidence.
 Sufficiency of the Evidence {¶ 9} In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1]
 {¶ 10} The gross-sexual-imposition statute, R.C. 2907.05(A)(1), provides that "[n]o person shall have sexual contact with another, not the spouse of the offender * * * when * * * [t]he offender purposely compels the other person * * * to submit by force or threat of force." The attempt statute, R.C. 2923.02(A), provides that "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the *Page 4 
commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."
 {¶ 11} Here, the state presented evidence that Henson had touched Shands's breasts and had attempted to touch her pubic region.[2]
Henson argues that the state had failed to establish that he had used force, but we have held that because the parent-child relationship inherently involves dominance and control, the state need not prove explicit threats or displays of force.[3] Although Henson and Shands had been estranged, the evidence nonetheless indicated that a parent-child relationship existed.
 {¶ 12} And in any event, the state in this case proved actual force. Shands had to push Henson's hands away from her body to prevent further sexual contact, and she had to struggle with Henson to get away from him. We overrule the fourth assignment of error.
 The Admissibility of the Prior Statement {¶ 13} In the first assignment of error, Henson argues that the trial court erred in permitting Shands to read her prior written statement to the jury. He contends that the statement was inadmissible hearsay and an improper attempt on the part of the state to bolster Shands's credibility. The state argues that the statement was properly admitted as a recorded recollection under Evid.R. 803(5).
 {¶ 14} A statement is admissible under Evid.R. 803(5) where (1) the witness had firsthand knowledge of the matter; (2) the witness made or adopted the statement "when the matter was fresh in his memory"; (3) the written statement correctly reflects the *Page 5 
witness's knowledge; and (4) the witness has insufficient recollection to testify fully and correctly.[4]
 {¶ 15} Here, it was proper for Shands to read her statement. Shands had firsthand knowledge of the matter, and her testimony established that she had made the statement to police soon after the alleged offense. Her testimony demonstrated that her memory was insufficient to relate all the details of the incident, and she indicated that the statement accurately reflected her knowledge of the events. Accordingly, we overrule the first assignment of error.
 {¶ 16} In his second assignment of error, Henson argues that the trial court erred in providing the jury with Shands's written statement. We agree.
 {¶ 17} First, Evid.R. 803(5) provides that "[i]f admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party." In this case, neither Henson nor the prosecution offered the written statement into evidence, and the trial court therefore erred in submitting it to the jury.
 {¶ 18} Second, we agree with Henson that the trial court's procedure in admitting the written statement was improper. In State v. HustlerMagazine,[5] this court stated that "[i]t is clearly error for a trial judge to communicate with the jury out of the presence of appellant." InHustler, we held that the court had committed reversible error in giving *Page 6 
instructions to the jury during deliberations without the presence of the defendant or counsel.[6]
 {¶ 19} The trial court in this case marked its own exhibit and gave it to the jury with no notice to Henson and therefore no opportunity for him to review the document or to object to its admission. Only after the trial had reconvened did the court inform Henson and the prosecutor that the statement had been admitted. This augmentation of the trial evidence outside the presence of Henson and his counsel was arguably even more problematic than the supplemental jury instructions we held to be invalid in Hustler.
 {¶ 20} And though the state argues that Henson was not prejudiced by the submission of the written statement to the jury, the record does not support that assertion. In its question to the court, the jury itself indicated that it intended to use the written statement to supplement the portions of Shands's testimony that it found to be incomplete or unclear.
 {¶ 21} And the very fact that the jury requested the written statement demonstrated that the statement carried significant weight in its deliberations. Under these circumstances, we hold that the erroneous admission of the witness statement was prejudicial. The third assignment of error is sustained, and we hold that Henson is entitled to a new trial.
 {¶ 22} In the third and fifth assignments of error, Henson argues that the trial court erred in instructing the jury and in imposing the maximum term of incarceration. *Page 7 
Our resolution of the third assignment of error renders these assignments moot, and we need not address them on their merits.
 Conclusion {¶ 23} We reverse the judgment of the trial court and remand the cause for a new trial in accordance with this decision.
Judgment accordingly.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430,588 N.E.2d 819.
[2] See 2907.01(B), defining "sexual contact."
[3] State v. Netherland (1999), 132 Ohio App.3d 252, 264-265,724 N.E.2d 1182.
[4] See State v. Woods (1988), 48 Ohio App.3d 1, 3-4,548 N.E.2d 954.
[5] (Apr. 4, 1979), 1st Dist. No. C-77101, citing State v. Abrams
(1974), 39 Ohio St.2d 53, 313 N.E.2d 823. See, also, State v.Patterson (Nov. 3, 1986), 8th Dist. No. 51231.
[6] See Hustler, supra. *Page 1